Brady, J.
INTRODUCTION
Plaintiff Jayne M. Rib otto’s medical malpractice action results from the alleged suicide of her husband, Frederick Ribotto, while he was a patient at the Leonard Morse Campus of the MetroWest Medical Center. Defendant Kenneth A. Davis, MetroWest’s chief operating officer at the time of Frederick’s death, brought this motion for summary judgment pursuant to Mass.R.Civ.P. 56, claiming that as a corporate officer who did not personally owe a duty to the plaintiff, he cannot be held liable to the plaintiff. For the following reasons, Davis’ motion for summary judgment is ALLOWED.
DISCUSSION
On March 19, 1995, Frederick Ribotto, who was recovering from a stroke, climbed out of the window of his fourth-floor room on the hospital’s medical-surgical unit and fell or jumped to his death. Plaintiff claims that her husband’s death could have been avoided if, when the hospital built a new psychiatric unit in the early 1990s, it had also built a seclusion room for disturbed medical patients on the medical-surgical unit.[3] Plaintiff alleges that Davis, the vice president of behavioral medicine and rehabilitation medicine at the time that the hospital’s psychiatric unit was being built, had a duty to ensure that the hospital complied with state guidelines and regulations which require such a seclusion room.
To succeed in her claim against Davis, plaintiff must show that Davis “personally owed her a duty of care which he breached.” Santos v. Kim, 429 Mass. 130, 134-35, 137 (1999). More specifically, because plaintiff alleges Davis breached his duty to provide a seclusion room for disturbed medical patients, plaintiff must show that Davis had some kind of personal involvement with the physical design planning of the psychiatric unit or that he was responsible for the unit’s compliance with state building codes and guidelines. Santos, 429 Mass. at 138 (laboratory director’s involvement with laboratory reporting procedures, which allegedly caused infant’s death, was “sufficiently personal” to raise question of liability). See also *367 Lyon v. Morphew, 424 Mass. 828, 833 (1997) (suggesting that chief operating officer would have to “personally participate! ] in acts causing harm to plaintiff to be held liable).
During the early 1990s, as vice president of behavioral and rehabilitative medicine, Davis did ensure that the hospital’s psychiatric services complied with some state rules and regulations. However, Davis’ compliance responsibilities did not extend to the actual physical aspects of the building. The hospital’s maintenance department was responsible for physical plant regulatory requirements. Similarly, although Davis was actively involved in the planning of the new psychiatric unit, the architectural firm hired by the hospital was responsible for ensuring that the design plans met certain regulatory building and construction requirements. Thus, Davis’ responsibilities at the hospital did not extend to building requirements. Instead, his responsibilities were focused on the psychiatric service program and the proper delivery of psychiatric services.
On these facts, taken in the light most favorable to the plaintiff, this court cannot find that Davis was personally involved in any decisions involving the physical design of the hospital or that he was responsible for ensuring compliance with applicable building regulations. Cf. Santos, 429 Mass. at 137-38 (allegedly faulty testing procedures and policies questioned by plaintiffs were developed in consultation with and approved by defendant laboratory director); Derry v. Peskin, 10 Conn. L. Rptr. 657, 1999 WL 1204013 (Mass.Super. 1999) (plaintiffs alleged inappropriate transfer procedures led to injuries and defendant department director’s responsibilities included instituting new transfer procedures). Accordingly, Davis cannot be held liable for the hospital’s failure to build a seclusion room for disturbed medical patients and summary judgment should be granted in his favor.
ORDER
For the reasons stated above, it is hereby ORDERED that Defendant Davis’ motion for summary judgment is ALLOWED.

 Plaintiff cites to the Guidelines for Construction and Equipment of Hospital and Medical Facilities, (1983/1984 ed. and 1987 ed.), which require that a hospital provide a seclusion room for disturbed medical patients.